UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| MICHAEL A. STANLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:08-cv-195 |
| | ) | |
| CHRISTIAN IRSA and | ) | |
| EMERITO BELTRAN, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

At the close of Plaintiff's evidence, Defendants moved, pursuant to Federal Rule of Civil Procedure 50(a), for a judgment as a matter of law with respect to Plaintiff's claim for punitive damages. That motion was taken under advisement and then denied at the close of evidence. This opinion more fully explains the reasons the motion was denied.

Plaintiff's excessive force claim against Defendants was brought pursuant to § 1983 of the Civil Rights Act. 42 U.S.C. § 1983. While Section 1983 contains no specific provision that allows for punitive damages, the Supreme Court held in *Smith v. Wade*, 461 U.S. 30 (1983) that punitive damages can be awarded if it can be proven that a defendant had a reckless or callous indifference to the plaintiff's federally protected rights or an evil motive or intent. *Id.* at 34-36. *Smith* provided no guidance on the burden of proof required to demonstrate this intent or indifference, however, which raises the question whether the applicable standard should be one of clear-and-convincing-evidence or of a-preponderance-of-the-evidence. If this were a diversity case and I had to apply Indiana law, the question would be an easy one to resolve: Indiana requires proof of punitive damages by clear and convincing evidence. Ind. Code § 34-51-3-2 ("Before a person may recover punitive damages in any civil action, that person must

establish, by clear and convincing evidence, all of the facts that are relied upon by that person to support the recovery of punitive damages."); *Juarez v. Menard, Inc.*, 366 F.3d 479, 482 (7th Cir. 2004).

The question, however, of what the standard of proof is to obtain punitive damages under Section 1983, is not nearly as straightforward. Given the number of Section 1983 cases filed each year, it is surprising that the Seventh Circuit hasn't yet had the opportunity to definitively weigh in on this issue. *See* Seventh Circuit Manual of Model Civil Jury Instructions Committee § 7.24, Comment (a) ("The Committee notes that the Seventh Circuit has not yet addressed whether 'preponderance of the evidence' is the appropriate standard for an award of punitive damages in a §1983 case."). The Seventh Circuit has hinted that a preponderance standard applies, although the cases are not definitive. For example, in *McKinley v. Trattles*, 732 F.2d 1320 (7th Cir. 1984), the court stated without much analysis that a jury instruction on punitive damages in a Section 1983 case that included a "preponderance of the evidence" standard was "accurate and complete." *Id.* at 1326. In another case, *Spanish Action Comm. of Chicago v. City of Chicago*, 766 F.2d 315 (7th Cir. 1985), the Seventh Circuit acquiesced to – and thus perhaps tacitly endorsed – a jury instruction that included a preponderance-of-the-evidence standard: "The jury instruction on punitive read: To recover punitive damages against an individual defendant, plaintiff must prove by a preponderance of the evidence ... that the actions of that defendant were done knowingly and maliciously to deprive plaintiff of its constitutional rights." *Id.* at 318 n. 2. *See also Patrykus v. Gomilla*, Nos. 86 C 9748, 87 C 2083, & 87 C 7925, 1989 WL 8610, at *3 (N.D. Ill. Feb. 2, 1989) (citing *Spanish Action*).

Other circuits have reached the same conclusion in applying various provisions of federal

2

law. *See*, *e.g.*, *Dang v. Cross*, 422 F.3d 800, 807 (9th Cir. 2005) (tacitly approving "preponderance of the evidence" standard for punitive damages in a Section 1983 case); *White v. Burlington Northern & Santa Fe R. Co.,* 364 F.3d 789, 805-808 (6th Cir. 2004) (reversing jury instruction requiring "clear and convincing evidence" to award punitive damages under Title VII and remanding with instructions to apply a-preponderance-of-the-evidence standard); *Karnes v. SCI Colorado Funeral Servs., Inc.*, 162 F.3d 1077, 1080-82 (10th Cir. 1998) (concluding that a-preponderance-of-the-evidence standard is applicable to claims for punitive damages under Title VII); *Notter v. N. Hand Prot.*, 89 F.3d 829, 1996 WL 342008, at *10-11 (4th Cir. June 21, 1996) (rejecting argument that the standard of proof for punitive damages in Title VII case is clear and convincing evidence because "[i]n discrimination cases brought under federal law, punitive damages need be proven only by a preponderance of the evidence"); *Simpson v. Pittsburgh Corning Corp.*, 901 F.2d 277, 282-83 (2d Cir. 1990) (declining to apply a higher standard of proof than preponderance of the evidence for punitive damages award in products liability case because "such a change is best left for Congress or for higher judicial authority").

A slew of district court cases have arrived at the same conclusion. *See*, *e.g.*, *Williams v. City of Mesa*, No. CV-09-1511, 2011 WL 836856, at *16 (D. Ariz. Mar. 9, 2011) ("The plaintiff alleging a § 1983 claim has the burden of proving that punitive damages should be awarded by a preponderance of the evidence."); *Rossiter v. Robinson*, 716 F.Supp.2d 1018, 1027 (D. Colo. 2010) ("Plaintiffs have the burden of proving by a preponderance of the evidence that Montana's actions or omissions were committed with reckless or callous disregard for Rossiter's rights."); *Smith v. City of Oakland*, 538 F.Supp.2d 1217, 1246 (N.D. Cal. 2008) ("Plaintiffs did not have to prove by clear and convincing evidence as, Defendants contend, that they were entitled to

3

punitive damages for the federal claims. All they needed to show under federal law was a preponderance of the evidence"); *Bird v. Figel*, 725 F.Supp. 406, 412 (N.D. Ind. 1989).

I concur with these decisions and will apply a preponderance-of-the-evidence standard to the punitive damages analysis here. It would not be sensible to have a different burden of proof on punitive damages in Title VII cases, on the one hand, and constitutional tort cases on the other. *See* Seventh Circuit Manual of Model Civil Jury Instructions Committee § 3.13 (standard of proof for punitive damages in Title VII cases is preponderance of the evidence). Both statutes are efforts to vindicate civil rights. It is true that Congress specifically authorized punitive damages in Title VII cases (*see* 42 U.S.C. § 1981a(a)(1)) and did not do so in Section 1983. But inasmuch as the Supreme Court in *Smith v. Wade* authorized such damages in Section 1983 cases, it is difficult to see why the standard should be any different.

Thus, in order to grant Defendants' Motion, I would have to determine that there is no "legally sufficient evidentiary basis" upon which "a reasonable jury" could determine that it is more probably true than not true that defendants acted with a reckless or callous indifference to Stanley's federally protected rights or with an evil motive or intent. Fed. R. Civ. P. 50(a). The evidence presented at trial didn't lead me to that conclusion. On the contrary, the photographic evidence presented at trial along with Stanley's testimony that he was kicked, punched, and tased without provocation provided a "legally sufficient evidentiary basis" upon which "a reasonable jury" could have determined that it was more probably true than not true that Defendants acted with a reckless or callous indifference Stanley's federally protected rights or an evil motive or intent.

For the foregoing reasons, Defendants' Motion for Judgment as a Matter of Law with respect to Plaintiff's claim for punitive damages is **DENIED**.

**SO ORDERED**.

ENTERED: April 15, 2011.

                                                    s/ Philip P. Simon
                                                    PHILIP P. SIMON, CHIEF JUDGE
                                                    UNITED STATES DISTRICT COURT